IN THE UNITED STATES DISTRICT COURT ~ DEC 18 PH 2: 53
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

JILLIAN M. FITZENREITER,

                Plaintiff

vs.

STEVE LECLERE, et al.

                Defendants

CASE NO. **06 CV 3006**

THE HONORABLE

**JUDGE JAMES G. CARR**

**ANSWER OF MR. STEVE LECLERE
AND TRI-LAM TRANSPORT, INC. TO
THE PLAINTIFF'S COMPLAINT WITH
JURY DEMAND ENDORSED HEREON**

Now come Defendants, Steve LeClere and Tri-Lam Transport, Inc., by and through
undersigned counsel, and respectfully submit their Answer to the Complaint of Jillian
Fitzenreiter.

## FIRST DEFENSE

1. Defendants deny Paragraphs 7, 8, 9, 10, 12, 13, 14, 15, 17, 18, 19, 21 and 22 of the
Plaintiff's Complaint.

2. Defendants are without knowledge or information sufficient to form a belief as the
truth of the averments contained in Paragraphs 3 and 5, but admit to Paragraphs 1, 2, 3, 4, 5, and
6 of the Complaint.

3. Defendants emphatically deny that they owed a duty to Plaintiff or breached any duty
to Plaintiff, or that any injuries are proximately related to any alleged breach.

4. Defendants deny any and all other averments contained herein not unqualifiedly
admitted as true, and deny any and all "wherefore" clauses, and specifically reallege and reaver

all of its responses to incorporating Paragraph 16 of the Plaintiff's Complaint. Defendants did not act in a punitive manner under any circumstance.

5. In response to Paragraphs 11, 15, and 20, Defendants agree that this cause of action arose from a motor vehicle collision, but deny each and every averment in that the allegations are directed to issues to which it need not respond, but will agree to stipulate to certain facts upon the completion of substantial discovery, and so therefore each Paragraph is hereby denied. Defendants also deny any and all averments not unqualifiedly admitted as true.

## SECOND DEFENSE

6. If it is proven in trial that Defendants were negligent or liable in any other respect, all allegations of negligence and liability being expressly denied, then it is alleged that Plaintiff, Jillian Fitzenreiter, was negligent to a degree greater than the negligence of Defendants, and Plaintiff is, therefore, barred from recovery or, in the alternative, Plaintiff's claimed damages must be apportioned as required by the Ohio Comparative Negligence Statute.

## THIRD DEFENSE

7. Plaintiff has failed to state a claim upon which relief can be granted, and denies the applicability of respondeat superior.

## FOURTH DEFENSE

8. Plaintiff's injuries and damages, if any were in fact sustained, were caused by independent, intervening, and/or superseding acts of negligence and Plaintiff is, therefore, barred from recovering against these Defendants.

## FIFTH DEFENSE

9. Plaintiff's Complaint has failed to join indispensable parties to this action as required by the Federal Rules of Civil Procedure, and Plaintiff should be barred from introducing evidence as to any and all alleged damages paid by another party.

## SIXTH DEFENSE

10. Plaintiff has failed to mitigate her damages.

## SEVENTH DEFENSE

11. Plaintiff's injuries and damages, if any were in fact sustained, were caused by other persons, firms, entities, or conditions over which Defendants have no ownership, responsibility or control.

## EIGHTH DEFENSE

12. Defendants allege that the subject accident was caused by a sudden emergency and/or conditions outside of their responsibility, ownership or control.

## NINTH DEFENSE

13. Plaintiff, with full knowledge, understanding and awareness, assumed the risk of the injuries and damages allegedly sustained by her and Plaintiff is, therefore, barred from recovery.

## TENTH DEFENSE

14. Defendants reserve the right to plead additional defenses as discovery so warrants.

## ELEVENTH DEFENSE

15. Defendants assert the immunities and defenses enacted and provided by Ohio Senate Bill 120 (eff. 4-9-03), and Ohio Senate Bill 80 (eff. 4-7-05), and Defendants assert the defenses under R.C. 4513.263 that evidence of non-use of a seat belt is permitted for the purpose of reducing any non-economic damage award herein.

## TWELFTH DEFENSE

16. The Plaintiff's Complaint and all claims thereto, against these Defendants are barred by the applicable statute of limitations, and Plaintiff's Complaint should be dismissed as not timely.

## THIRTEENTH DEFENSE

17. The Plaintiff's Complaint should be dismissed on the grounds that this court lacks jurisdiction over the subject matter of the claims against these Defendants; lacks personal jurisdiction; and is improperly venued.

## FOURTEENTH DEFENSE

18. The Plaintiff's Complaint has failed to plead a claim for punitive damages, and the imposition of such damages is otherwise unconstitutional.

## FIFTEENTH DEFENSE

19. Defendants made reasonable and diligent attempts to seek resolution of any and all claims arising from this complaint for over one year, and that any claims for prejudgment interest are not relevant and should be barred.

WHEREFORE, Defendants demand that the Plaintiff's suit be dismissed at her costs, and that she go hence without recourse.

Respectfully submitted,

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

By: _____

SAMUEL G. CASOLARI (0034410)
The Everett Building
39 E. Market Street, Suite 301
Akron, Ohio 44308
Phone: (330) 255-0037
Fax: (330) 255-0040
Email: sgcasolari@mdwcg.com
*Counsel for Defendants Steve LeClere and
Tri-Lam Transport, Inc.*

## JURY DEMAND

Defendants demand a trial by jury on all triable issues of fact and law.

By: _Samuel J. Casolari J._

SAMUEL G. CASOLARI, JR.
*Counsel for Defendants Steve LeClere and*
*Tri-Lam Transport, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to all counsel of record by:

_____ Hand Delivery

\_\_✓\_\_ U.S. First Class Mail, Postage Prepaid

_____ Certified Mail, Return Receipt Requested

_____ Facsimile Transmittal

at the following address:

John H. Hanna, Esq.
Hanna, Fisher & Rosebrook
822 Oakwood Avenue
P.O. Box 605
Napoleon, OH  43545-0605
*Counsel for Plaintiff*

Sadaqat Iqbal
209-71 Thornclliffe Pk. Dr.
Toronto, ON MUH163
Canada
*Defendant*

Motorway Link, Inc.
6630 Edenwood Dr. Apt. B
Mississagua, ON C5N359
Canada
*Defendant*

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

By: *Samuel H. Casolari*

SAMUEL G. CASOLARI (0034410)
*Counsel for Defendants Steve LeClere and Tri-Lam Transport, Inc.*

Date: **12/15/06**

\23_A\LIAB\SGCASOLARI\LLPG\267967\JMHOUSE\11032\00117